Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa C. Wagner,<br><br>         Plaintiff,<br>v.<br>Northland Group, Inc.,<br><br>         Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks recovery of statutory damages, actual damages, costs and attorney's fees.

## II.  JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue

lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### III.  PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a natural person allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Northland Group, Inc. (hereinafter "Northland") is an Minnesota corporation doing business within the State of Arizona as a collection licensed agency.
7. Northland collects or attempts to collect debts owed or asserted to be owed or due another.
8. Northland is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### IV.  Factual Allegations

9. In 2005, Plaintiff opened and used a credit card issued by Capital One Bank, incurring a debt for family, personal or household purposes.
10. When the account went into default, Capital One assigned the debt to Northland to collect.
11. In August 2012, Plaintiff contacted Northland in order to settle the Capital One debt.
12. Plaintiff offered to pay $400 in order to settle the Capital One debt in full.
13. This offer was rejected by Northland by email dated August 24, 2012.
14. In that same email, however, Northland represented that it had authority to accept $458.65 to settle the Capital One account in full, and that

|   |     |                                                                                               |
|---|-----|-----------------------------------------------------------------------------------------------|
| 1 |     | the offer was valid until August 30, 2012.                                                    |
| 2 | 15. | On September 4, 2012, Plaintiff telephoned Northland and spoke with "Steven" who told her that the $458.65 offer was still good if she paid that day. |
| 5 | 16. | Plaintiff immediately paid the $458.65 by phone that day using her debit bank card. |
| 7 | 17. | A few days later, on September 7, 2012, Plaintiff telephoned Northland and spoke with Erik Black. |
| 9 | 18. | Mr. Black confirmed that Plaintiff's payment had cleared, and that the account was considered settled in full. |
| 11| 19. | Plaintiff also asked Black to please fax her a confirmation letter to confirm that the account had been settled, but told her that Northland would not fax a confirmation letter. |
| 14| 20. | However, on or about September 7, 2012, Northland did prepare and mail to Plaintiff a letter confirming that the Capital One account "has been resolved." |
| 17| 21. | On or about September 10, 2012, Northland mailed Plaintiff a collection letter demanding payment on the same Capital One account. |
| 19| 22. | In this letter, Northland claimed that a balance of $465.64 was still owing, which coincidently is the difference between what Capital One had previously claimed as a balance, and what Plaintiff had paid Northland to settle the account in full. |
| 23| 23. | Plaintiff assumed it was a mistake due to the close proximity to her settlement, and ignored the letter. |
| 25| 24. | However, on October 13, 2012 Northland sent another collection notice |

1  to Plaintiff concerning the same Capital One account which it had
2  settled with Plaintiff in September.
3  25. Once again, Northland claimed that a balance of $465.64 was still
4  owing.
5  26. After receiving these letters, Plaintiff contacted Northland and ex-
6  plained that the account had been settled, but Northland continued to
7  collect the Capital One account.
8  27. On November 13, 2012, Northland sent another collection notice to
9  Plaintiff concerning the same Capital One account it had settled with
10  Plaintiff in September.
11  28. Upon information and belief, Northland misrepresented its authority
12  from Capital One to settle the account in September 2012 for $458.65.
13  29. In the alternative, upon information and belief, Northland failed to
14  notify Capital One that Plaintiff had settled the account in full with her
15  payment of $458.65.
16  30. In communicating Plaintiff's payment of $428.65 to Capital One,
17  Northland communicated credit information which it knew was false,
18  or should have known to be false.
19  31. As a result and proximate cause of Defendant's actions, Plaintiff has
20  suffered actual damages, including, but not limited to, anxiety, worry,
21  and emotional distress.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

24  32. Plaintiff repeats, realleges, and incorporates by reference the foregoing
25  paragraphs.

33. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f(1), and 1692g.

34. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

### VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

    a)    Actual damages under the FDCPA;

    b)    Statutory damages under the FDCPA;

    c)    Costs and reasonable attorney's fees pursuant to the FDCPA; and

    d)    Such other relief as may be just and proper.

DATED   December 12, 2012  .

    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff